# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

ROBERT HARRIS LONG                          Case No.  06-30651
GINGER DENISE LONG

                     Debtors


## MEMORANDUM ON MOTION FOR RELIEF FROM
## JUDGMENT OR ORDER FILED BY
## AMERICREDIT FINANCIAL SERVICES, INC.


**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
            John P. Newton, Jr., Esq.
            1111 Northshore Drive
            Suite S-570
            Knoxville, Tennessee  37919
            Attorney for Debtors

            HUSCH & EPPENBERGER, LLC
            Holly N. Knight, Esq.
            Christopher M. Kerney, Esq.
            2525 West End Avenue
            Suite 1400
            Nashville, Tennessee  37203
            Attorneys for AmeriCredit Financial Services

            GWENDOLYN M. KERNEY, ESQ.
            Post Office Box 228
            Knoxville, Tennessee  37901-0227
            Chapter 13 Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on April 3, 2006.  AmeriCredit Financial Services, Inc. (AmeriCredit) was a creditor holding a purchase money security interest in the Debtors' 2002 Chevrolet Venture (Venture).  On April 24, 2006, AmeriCredit filed a secured claim in the Debtors' case in the amount of $14,780.21.  The Debtors' Chapter 13 Plan, which was confirmed over AmeriCredit's objection by an Order Confirming Chapter 13 Plan (Confirmed Plan) entered on July 26, 2006, provides for the surrender of the Venture "in full satisfaction" of the debt.[1]

# I

Presently before the court is the Motion for Relief From Judgment or Order Filed By AmeriCredit Financial Services, Inc. (Motion for Relief) filed by AmeriCredit on November 6, 2006, asking the court, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, which makes Rule 60 of the Federal Rules of Civil Procedure applicable in bankruptcy cases, to grant it relief from the Order Resolving Chapter 13 Trustee Objection to Proof of Claim Filed By AmeriCredit (Order Resolving Objection) entered on October 30, 2006, sustaining the Objection by Chapter 13 Trustee to Proof of Claim Filed By AmeriCredit (Objection to Claim) filed on September 19, 2006, and disallowing AmeriCredit's $14,780.21 secured claim in its entirety.  AmeriCredit seeks relief from the Order Resolving Objection because the Order Resolving Objection recites that no response was filed to the Objection to Claim when, in fact, AmeriCredit filed the Response to Trustee's Objection

---

[1]AmeriCredit timely appealed the Order Confirming Chapter 13 Plan, along with the Order entered on July 12, 2006, overruling its objection to confirmation of the Debtors' Plan.  This appeal was certified to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) (2005) and Rule 8001(f) of the Interim Rules of Bankruptcy Procedure on August 16, 2006.  On September  29, 2006, the Sixth Circuit entered an Order granting AmeriCredit's request for a direct appeal.

to Proof of Claim Filed By AmeriCredit Financial Services (Response) on September 26, 2006, and

a hearing was held on the Objection to Claim on October 25, 2006.

Contemporaneously with filing the Motion for Relief on November 6, 2006, AmeriCredit

filed a Notice of Appeal, appealing the Order Resolving Objection entered on October 30, 2006, to

the United States District Court for the Eastern District of Tennessee pursuant to Rules 8001 and

8002 of the Federal Rules of Bankruptcy Procedure.  On November 8, 2006, the court entered an

Order directing AmeriCredit to file a brief in support of its contention that the bankruptcy court

retained jurisdiction over the Motion for Relief with respect to the Order Resolving Objection

subsequent to AmeriCredit's appeal of that order.  AmeriCredit filed its Brief in Support of Motion

for Relief From Judgment or Order Filed By AmeriCredit Financial Services, Inc., on November 22,

2006.

In its Brief filed on November 22, 2006, AmeriCredit argues that it filed the Motion for

Relief for the sole purpose of correcting the language of the Order Resolving Objection to properly

reflect that AmeriCredit did, in fact, file a Response to the Objection to Claim, and that the Objection

to Claim was heard by the court on October 25, 2006.  On the other hand, it filed the Notice of

Appeal with respect to the underlying issue addressed by the court, namely, the disallowance of

AmeriCredit's claim in its entirety pursuant to the Order Resolving Objection.  AmeriCredit argues

that the bankruptcy court retains jurisdiction to cure the inconsistencies contained within the Order

Resolving Objection and that the appeal is stayed pending the court's resolution of its Motion for

Relief.

3

## II

Bankruptcy Rule 8001(a) provides that an appeal from an order or judgment is commenced by filing a notice of appeal within the 10-day period set forth in Rule 8002.  Bankruptcy Rule 8002(b) provides, in material part, as follows:

**Effect of motion on time for appeal**

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.  This provision applies to a timely motion:

. . . .

(4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.  A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.

FED. R. BANKR. P. 8002(b).

Bankruptcy Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code, with three limited exceptions not at issue here.  As it relates to the issue presently before the court, Rule 60 states, in material part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.  During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court[.]

FED. R. CIV. P. 60(a).

4

In its brief, AmeriCredit relies upon Rule 60(b)(1), which allows the court to grant relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect;" however, in the Sixth Circuit, a motion pursuant to Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). In contrast, Rule 60(a) authorizes "the court to correct errors that are mechanical in nature that arise from oversight or omission . . . to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial[,]' [and] to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced[.]'" *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440-41 (6th Cir. 2002) (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)).

Here, the relief sought is simply a clarification of AmeriCredit's efforts prior to entry of the Order Resolving Objection by filing a Response and appearing before the court on the Objection to Claim. The relief sought does not change the ultimate decision of the court to sustain the Trustee's Objection to Claim, nor has AmeriCredit sought relief from the Order Resolving Objection with respect to the underlying issues of disallowance of its claim. Accordingly, AmeriCredit's Motion for Relief is more properly brought under Rule 60(a), which allows the court to correct clerical errors or mistakes even during the pendency of an appeal. Because the court finds that the Order Resolving Objection contains an incorrect statement that AmeriCredit did not file a response, when, in fact, it

did, the court will grant AmeriCredit's Motion for Relief.  The Order Resolving Objection entered on October 30, 2006, shall be amended, and the court will enter an Amended Order Resolving Chapter 13 Trustee Objection to Proof of Claim Filed By AmeriCredit (Amended Order) correctly reflecting that a Response was filed by AmeriCredit, that a hearing was held on October 25, 2006, and that the Trustee's Objection to Claim was sustained.[2]

An order consistent with this Memorandum will be entered.

FILED:  December 4, 2006

BY THE COURT

/s/  *RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

---

[2] Because the Order Resolving Objection is in the format prepared by the Chapter 13 Trustee, the Amended Order, which will be prepared by the court, will be stylistically different.  The Order Resolving Objection and Amended Order are, however, substantively identical.

6