# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

ROBERT HARRIS LONG                                    Case No.  06-30651
GINGER DENISE LONG

                Debtors

## MEMORANDUM SUPPLEMENTING RECORD ON APPEAL
## ON OBJECTION BY CHAPTER 13 TRUSTEE TO PROOF
## OF CLAIM FILED BY AMERICREDIT FINANCIAL SERVICES

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
      John P. Newton, Jr., Esq.
      1111 Northshore Drive
      Suite S-570
      Knoxville, Tennessee  37919
      Attorney for Debtors

      HUSCH & EPPENBERGER, LLC
      Holly N. Knight, Esq.
      Christopher M. Kerney, Esq.
      2525 West End Avenue
      Suite 1400
      Nashville, Tennessee  37203
      Attorneys for AmeriCredit Financial Services

      GWENDOLYN M. KERNEY, ESQ.
      Post Office Box 228
      Knoxville, Tennessee  37901-0227
      Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This Memorandum supplements the October 30, 2006 Order Resolving Chapter 13 Trustee

Objection to Proof of Claim Filed By AmeriCredit, as amended by the Amended Order Resolving

Chapter 13 Trustee Objection to Proof of Claim Filed By AmeriCredit (Amended Order) entered on

December 4, 2006.  The October 30, 2006 Order, as amended, memorializes the court's October 25,

2006 ruling from the bench summarily sustaining the Trustee's Objection to [AmeriCredit's] Claim

and disallowing its $14,780.21 secured claim in its entirety.[1]  AmeriCredit Financial Services, Inc.

(AmeriCredit) appealed the October 30, 2006 Order pursuant to a Notice of Appeal filed on

November 6, 2006.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter

13 of the Bankruptcy Code on April 3, 2006.  AmeriCredit is a creditor of the Debtors, by virtue of

a Retail Installment Contract dated February 28, 2005, granting it a purchase money security interest

in the Debtors' 2002 Chevrolet Venture (Venture).  On April 24, 2006, AmeriCredit filed a secured

claim in the amount of $14,780.21.  The Debtors' Chapter 13 Plan, which was confirmed by an

Order Confirming Chapter 13 Plan (Confirmed Plan) entered on July 26, 2006, over the objection

of AmeriCredit, provides for the surrender of the Venture "in full satisfaction" of the debt.

On September 19, 2006, the Chapter 13 Trustee filed the Objection by Chapter 13 Trustee

to Proof of Claim Filed By AmeriCredit (Objection to Claim), asking the court to disallow

AmeriCredit's claim in its entirety because the Confirmed Plan, which is binding upon all creditors

by virtue of 11 U.S.C. § 1327(a) (2005), provides for the surrender of the Venture "in full

---

[1] The Amended Order was entered pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, made
applicable to this bankruptcy case by Rule 9024 of the Federal Rules of Bankruptcy Procedure, to correct a clerical
error.

satisfaction" of the debt owed to AmeriCredit.  AmeriCredit filed the Response to Trustee's

Objection to Proof of Claim Filed By AmeriCredit Financial Services on September 26, 2006, and

the Objection to Claim was scheduled for hearing on October 25, 2006.  At the hearing, the court

sustained the Trustee's Objection to Claim from the bench without making formal findings of fact

and conclusions of law.

The court made its ruling based upon the res judicata effect of the Confirmed Plan and the

court's prior determination in the Memorandum on Objection to Confirmation of Plan and Plan

Terms Filed By AmeriCredit Financial Services and corresponding Order entered on July 12, 2006.

*See* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, . . .

whether or not such creditor has objected to, has accepted, or has rejected the plan."); *Salt Creek*

*Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301 (B.A.P. 6th Cir. 2004) ("An order

confirming a Chapter 13 plan is res judicata as to all justifiable [sic] issues which were or could have

been decided at the confirmation hearing.") (citations omitted).

In the July 12, 2006 Memorandum Opinion, the court overruled AmeriCredit's Objection to

Confirmation of Plan and Plan Terms Filed By AmeriCredit Financial Services on April 13, 2006,

and confirmed the Debtors' Chapter 13 Plan on the basis that 11 U.S.C. § 1325(a) (2005), as

amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the

ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the

provisions of the alphanumeric paragraph located at the end of § 1325(a) are satisfied, with the result

that debtors wishing to surrender collateral falling within that limitation may do so in full satisfaction

of the debt owed.  While AmeriCredit has appealed the July 12, 2006 Order, the effect of the Order

has not been stayed pending appeal.   Thus, the Order overruling AmeriCredit's Objection to

Confirmation of Plan and Plan Terms and confirming the Debtors' Chapter 13 Plan constitutes the

law of the case notwithstanding the appeal.  *See In re Davis*, 160 B.R. 577, 580 (Bankr. E.D. Tenn.

1993) (holding that the "consequence of failing to obtain a stay [pending appeal] is that the

prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an

appeal is pending.") (citations omitted).

FILED:  December 6, 2006

                                                            BY THE COURT

                                                            */s/  RICHARD STAIR, JR.*

                                                            RICHARD STAIR, JR.
                                                            UNITED STATES BANKRUPTCY JUDGE