**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**

In re

ROBERT HARRIS LONG                           Case No.  06-30651
GINGER DENISE LONG

        Debtors

**MEMORANDUM ON REQUEST FOR**
**CERTIFICATION FOR DIRECT APPEAL TO THE**
**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
      John P. Newton, Jr., Esq.
      1111 Northshore Drive
      Suite S-570
      Knoxville, Tennessee  37919
      Attorney for Debtors

      HUSCH & EPPENBERGER, LLC
        Holly N. Knight, Esq.
        Christopher M. Kerney, Esq.
        2525 West End Avenue
        Suite 1400
        Nashville, Tennessee  37203
        Attorneys for AmeriCredit Financial Services

      GWENDOLYN M. KERNEY, ESQ.
        Post Office Box 228
        Knoxville, Tennessee  37901-0227
        Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on April 3, 2006. AmeriCredit Financial Services, Inc. (AmeriCredit) was a secured creditor, by virtue of a Retail Installment Contract dated February 28, 2005, granting it a purchase money security interest in the Debtors' 2002 Chevrolet Venture (Venture). On April 24, 2006, AmeriCredit filed a secured claim in the amount of $14,780.21. The Debtors' Chapter 13 Plan, which was confirmed by an Order Confirming Chapter 13 Plan (Confirmation Order) entered on July 26, 2006, over the objection of AmeriCredit, provides for the surrender of the Venture "in full satisfaction" of the debt. AmeriCredit timely appealed the Confirmation Order, along with an Order entered on July 12, 2006, overruling its objection to confirmation of the plan. This appeal was certified to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) (2005) and Interim Rule 8001(f) of the Federal Rules of Bankruptcy Procedure on August 16, 2006. On September 29, 2006, the Sixth Circuit entered an Order granting AmeriCredit's request for a direct appeal.

On September 19, 2006, the Chapter 13 Trustee filed the Objection by Chapter 13 Trustee to Proof of Claim Filed by AmeriCredit (Objection to Claim), seeking disallowance of AmeriCredit's claim in its entirety since the Confirmed Plan provides for surrender of the vehicle in full satisfaction of the debt owed to AmeriCredit. AmeriCredit filed the Response to Trustee's Objection to Proof of Claim Filed by AmeriCredit Financial Services (Response) on September 26, 2006, and a hearing on the Objection to Claim was held on October 25, 2006. At the October 25, 2006 hearing, the court sustained the Trustee's Objection to Claim from the bench without making formal findings of fact and conclusions of law. On October 30, 2006, the court entered the Order

Resolving Chapter 13 Trustee Objection to Proof of Claim Filed by AmeriCredit (Order Resolving Objection to Claim), disallowing AmeriCredit's claim in its entirety.

On November 6, 2006, AmeriCredit filed a Motion for Relief from Judgment or Order Filed by AmeriCredit Financial Services, Inc. (Motion for Relief from Judgment), asking the court to grant it relief from the Order Resolving Objection to Claim pursuant to Rule 60 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024. On December 4, 2006, the court filed an Order and the Memorandum on Motion for Relief From Judgment or Order Filed by AmeriCredit Financial Services, Inc., granting the Motion for Relief from Judgment. An Amended Order Resolving Chapter 13 Trustee Objection to Proof of Claim Filed by AmeriCredit was also entered on December 4, 2006.

AmeriCredit also filed a Notice of Appeal of the Order Resolving Objection to Claim on November 6, 2006, and an Amended Notice of Appeal on December 14, 2006. On December 1, 2006, AmeriCredit filed a Request for Certification for Direct Appeal to the United States Court of Appeals for the Sixth Circuit, which it also amended on December 14, 2006, by filing an Amended Request for Certification for Direct Appeal to the United States Court of Appeals for the Sixth Circuit (collectively, Request for Certification for Direct Appeal), requesting the court to certify the October 30, 2006 Order Resolving Objection to Claim, as amended, for direct appeal to the Sixth Circuit.

Pursuant to the recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), an appeal may be certified directly from the bankruptcy court to the circuit court of appeals under the following limited circumstances:

> (d)(1) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section [appeals formerly reserved for the district courts and bankruptcy appellate panels].
>
> (2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court . . . involved, acting . . . on the request of a party to the judgment, order, or decree described in such first sentence, . . . certif[ies] that—
>
>> (i) the judgment, order or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>>
>> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>>
>> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>>
>> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.
>
> (B) If the bankruptcy court . . . —
>
>> (i) on . . . the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists, . . .
>>
>> . . . .
>>
>> then the bankruptcy court . . . shall make the certification described in subparagraph (A).

28 U.S.C. § 158(d).

AmeriCredit's Request for Certification for Direct Appeal must be denied because none of the § 158(d)(2)(A) circumstances essential to the court's certification of a direct appeal are present. First, the Order Resolving Objection to Claim, as amended, does not involve a question of law to which there is no controlling decision in the Sixth Circuit. The Order Resolving Objection to Claim involving the binding effect of a confirmed Chapter 13 Plan under 11 U.S.C. § 1327(a) (2006), which provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). In the Sixth Circuit "confirmation of a plan has been described as 'res judicata of all issues that could or should have been litigated at the confirmation hearing.'" *Ruskin v. DaimlerChrysler Servs. N. Am., LLC (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005) (quoting *In re Cameron*, 274 B.R. 457, 460 (Bankr. N.D. Tex. 2002)). Second, the res judicata effect of a confirmed plan is a long-standing rule of law, based upon the clear and precise wording of the statute, and the courts within this circuit, being bound by Sixth Circuit authority, are not in conflict. Third, the Sixth Circuit has already granted AmeriCredit's request for a direct appeal of the underlying confirmation issue and the question of law raised under BAPCPA of whether the Debtors may surrender a vehicle in full satisfaction of a debt over the objection of a creditor. Certification of AmeriCredit's appeal of the October 30, 2006 Order Resolving Objection to Claim, concerning the binding nature of the Confirmed Plan, raises a totally different issue and adds nothing to the appeal presently pending before the Sixth Circuit.

For these reasons, the Request for Certification for Direct Appeal filed by AmeriCredit on December 1, 2006, must be denied. An order to this effect will be entered.

FILED: December 19, 2006

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE